And the court now calls case one one eight five nine nine people of the state of Illinois versus Vincent Rizzo Ready to proceed That's ready Thank you proceed Madam Chief Justice honorable members of the court morning I'm assistant state's attorney Annette Collins representing the people of the state of Illinois in the matter before this court We brought this appeal because the circuit court held that the aggravated speeding statute was unconstitutional under the proportionate penalties clause That statute in effect at the time penalized excessive speeding over 30 and 40 miles per hour over the speed limit as a class a or class B misdemeanor and prohibited judges from imposing supervision In finding that the statute violated the proportionate penalties clause The circuit court never actually found that the class a or B misdemeanor penalty itself violated the Constitution Rather the court found that the prohibition of supervision Was constitutionally offensive in fact in the body of the court's order When addressing due process and equal protection the court said that the misdemeanor penalty was rational Now The court below wanted to impose supervision because of the kind of disposition that supervision is supervision as this court knows is a deferred prosecution that will result in dismissal of the charges and The court wanted this option so it didn't have to impose what it called a mandatory conviction It was this mandatory conviction that the circuit court below found in violation of the proportionate penalties clause But its reasoning was unsound for a number of reasons The first and primary reason that the court's analysis was incorrect is that a conviction is not a penalty It cannot offend the proportionate penalties clause by its own terms the proportionate penalties clause deals with actual penalties In fact if we took a look at the title of that constitutional provision, it's entitled limitation of penalties after conviction Now in addition to a conviction not being a penalty collateral consequences of a conviction are not penalties either These would be the proportionate penalties clause and what that clause is intended to address but the court below Rather than focusing on the actual penalty was more concerned about the collateral consequences in its order the circuit court focused on job applications the potential that a conviction would have on loan applications and Ultimately use these collateral consequences as part of its shocks the conscience analysis. How do you respond to the statement in people versus green That said you'd realistically supervision with conditions attached reporting restitution etc Involves the imposition of a penalty despite the fact that defendant has been found has not been found guilty Or an earlier finding guilt has been vacated Justice Carmara, there's no question that supervision is a type of penalty But in this case, it's the absence of a penalty Is so-called offensive and that is not the way the proportionate penalties clause operates the proportionate penalties clause operates to review the actual penalty here a class A or B misdemeanor without the option of supervision and Frankly in green as well as some of this courts other cases this court recognized that supervision was a unique Legislatively created option that a court could not Vest itself with the power to impose, but that's really what we have here We have a court that wants to impose supervision even though the legislature told it it could not because at bottom the court disagreed with the legislature as to the seriousness of the offense and wanted to impose a lower penalty and this ultimate disagreement with the legislature as to the seriousness of the offense is more about policy and less about the And another problem with the court's order is this disagreement with the seriousness of the offense that the legislature believed Led the court to compare this offense with all manner of other offenses in the code If we take a look at the court's order the court Acknowledged that excessive speeding is a dangerous offense and poses a risk, but ultimately Held that aggravated speeding was not as serious as some of the other crimes for which the legislature had prohibited supervision the court even mentioned felonies Domestic battery retail theft some of these other offenses and in comparing these unrelated offenses to the instant crime The court essentially held that the instant crime was not as serious and therefore there was no reason to prohibit supervision The court also compared this traffic offense to other traffic offenses that the legislature had allowed supervision and felt that this dichotomy of this Offense not getting supervision in those offenses like DUI and reckless getting supervision was not rational Ultimately what the court did in some in effect was revive the cross comparison analysis that this court abandoned in people versus sharp In people versus sharp this court had the opportunity to discuss very briefly The shocks the conscience prong of the proportionate penalties clause and this court said with absolutely No question that the shocks the conscience prong does not involve cross comparison analysis it looks at the penalty in relation to the offense to which that penalty is attached and Had the court engaged in this proper proportionate penalties analysis it would have upheld the constitutionality of the statute because There is no disagreement that the offense is serious We're dealing with speeds of over 30 to 40 miles per hour and above the speed limit the legislature made express Statements that this was a dangerous activity that could potentially kill and Defendants numbers in his brief and the amici point to these numbers as well as well Disclose an alarmingly high rate of excessive speeding in Illinois over 40,000 incidents reported in 2003 alone over the speed of 26 miles per hour Miss Collins does these back of the statute change have any bearing on the case now it it it may have bearing on a potential sentence if this case goes back But other than that it does not really appear to have an effect on what the court below help obviously we have a rule 18 order where the statute at play is unconstitutional and that has to be addressed and Frankly the change in the statute justice Burke really doesn't evidence any concerns on the legislature's part with respect to the constitutionality of the Absence of supervision or the prohibition of supervision when we take a look at why the legislature recently amended that statute one of the Sponsors indicated that it was at the urging of a local Defense Council So no doubt there were some of the same policy arguments that are being presented in this case were presented to the legislature the appropriate forum for those concerns the other thing that happened during the Amendment to this statute was that the legislature actually increased some other excessive speeding offenses to misdemeanors That those excessive speeding incidents that occur in school and construction zones Not only created misdemeanors out of those offenses, but also prohibited supervision for everyone not just first-time offenders So ultimately when we look at the manner in which the legislature over the past 17 years Has dealt with the high incidence of speeding and the fatalities caused by excessive speeding We see that the legislature's acts were rational Not just with respect to the designation of this is a misdemeanor and the application of a misdemeanor penalty But also rational with respect to the removal of supervision Because this offense was too serious To allow The number of supervisions that were being imposed in fact one of the clear expressed basis for the legislature to remove the option of supervision after creating this offense was that over sixty percent about two-thirds of the individuals who were arrested for this offense got supervision from the courts and The legislature felt that that was a diminution of the seriousness of this offense For these reasons as well as those discussed in our briefs your honors We would ask that this court reverse the circuit courts judgment below striking statute as violative under the proportionate penalties clause before you sit down the courts order seems to Indicate it's facially Unconstitutional and as applied is there any was there any evidence presented on the issue of as applied to this defendant? No, there was not the defense counsel seems to argue that the motion to reconsider with the attachment of the Transcript may be considered, but that was made after the finding we we actually presented that to the court We've done the transcript and one of the one of the bases that we presented that transcript or not transcript But the Secretary of State Reflection of some of his prior traffic offenses was because we were pointing out to the court that you mentioned. This is about first-timers This is a defendant who's had multiple priors So to the extent that your ruling was only based on your concerns about giving this defendant if he is a first-timer supervision Then we were telling the court that it was an error But it's very clear from the defendants brief And I think throughout the court's order that its true intent was to declare declare the statute facially unconstitutional And we'd ask that that be reversed Thank you You Morning honorable justices I'm ilio sharvich. I'm here on behalf of the FLE. Mr. Rizzo This case in a nutshell stems from the common idea that mr. Lincoln himself directed is that Mercy bears richer fruits than strict justice and when looking at the facts of this case It makes absolutely no sense that we show mercy to DUI offenders to reckless drivers and we demand strict justice from those who exceed the speed limit even on their first offense and The unit the United States Constitution the due process clause there as well as the state due process clause protects individuals from irrational and downright arbitrary sanctions and Again The key here is that if an individual commits a DUI offense be it in an urban district or a rural area He's entitled to supervision if an individual commits reckless driving He's statutory entitled to supervision, but if an individual speeds Which can be committed in a plethora of ways where there's people on the road or not This individual is required to be convicted as a criminal for the rest of their lives If if the legislature tomorrow did away with supervision for any offense Would that would all those offenses suddenly be? violations of Proportionate penalties I wouldn't say so and that would be the argument there You're not demanding or giving mercy on some offenses and demanding strict justice here once It's abolished their strict justice equally across the playing field and no longer is there an arbitrary or unreasonable distinction between Giving someone supervision for reckless driving versus giving someone supervision for DUI versus giving someone Supervision for speeding there the level field is played supervision has been abolished and each individual is being treated reasonably logically and not in a non arbitrary fashion About the offenses that presently are not eligible for supervision is that are they in trouble? Not necessarily Some of the offenses that are not they're not the same as this offense you see Speeding traditionally has always been a petty offense. It's something that we encompass in society that occurs if people don't necessarily always go to jail for speeding and I think that in this case in each Analysis is based on that when we look at what's shocking of the conscience or we look at what bothers the moral sense of the Community we look at it as our modern evolving times and we look at it in terms of the specific offense itself And when you look at this offense as opposed to let's just say domestic battery where there is no supervision Domestic battery is a serious offense it involves a specific victim and it involves generally bodily harm Here the offense is only in the analysis that the trial court conducted the offense is only a potential for harm Because if the individual speeding and actually crashes there you have a different charge that could be brought it could be a reckless driving charge or vice versa, there's plethora of things that happen once there's injury to property or and would you look at the frequency of the Matters here, and that's why it's important when you do the analysis of what shocks the conscience you can see here that There's no harm to any specific individual. There's no one hurt here. There's no involvement of drugs Cry any specific criminal mentality There's just individuals who are operating a vehicle slightly faster than what the General Assembly said is what they believe to be safe And it doesn't make any sense. It's illogical irrational unreasonable that we would allow somebody to get supervision While drinking and driving and committing reckless reckless driving, but if they were speeding they would have to be convicted on that third charge so hypothetically if an individual is drunk behind the wheel and reckless driving under the Pena or Foster whichever ways that the reckless driving could be committed and The individual would get supervision would be eligible for supervision on the DUI on the reckless driving but would be convicted for the speeding and So when looking at other offenses surely murder shouldn't be entitled to supervision But here we have this distinction amongst traffic offenses, and it just shocks the conscious I mean imagine being a mother who's got a child and seven Conscience I guess to try to get it into the first Way that this court recognizes a proportion of penalties analysis, but when you started talking about DUI versus Speeding and the right to supervision in one and not the other Why isn't that just an analysis that has been refuted by sharp? It seems like you're saying when the sentence is greater than that for a similar offense that poses a greater risk to public safety That seems to be your argument, and we don't accept that for proportion of penalties analysis anymore correct there were three tests There was an identical elements test, then there's a shocking of the conscience test And then there's was cross comparison test the cross comparison test was removed But that doesn't mean if you look at in in when looking at the shocking of the conscience test that test I guess Encompasses the Eighth Amendment tests for cruel and degrading and took us in our framers 100 miles an hour, it's cruel and degrading to not allow Supervision for that no no that's not what I mean what I mean it seems like you You then segue into the analysis of the as we were talking about before the DUI situation Right and and when I'm doing that what I'm saying is that the test of shocking of the conscience as one of the factors The courts have traditionally looked at and compared sanctions and other offenses So while the specific test there were three tests The identical or the cross comparison analysis was its own test after removal of it It simply just becomes a factor as it always was under the first test for shocking of the conscience or cruel and degrading and as evidence to that in In as an evidence as evidence of that in in the case of So what specifically is so cruel or degrading about that sentence for that speaker Well when you it's cruel and degrading it's not so much as cruel degrading. It's shocking of the conscience We're not saying that you know we're torturing somebody here or committing that type of cruel or degrading punishment What we're saying is that as society goes? the general moral ideas of the public are violated and here When you again when you analyze the factors and you look at it, it's it's it's shock It's a cruel degrading punishment for example recently We just had Miller v, Alabama and in that case it was held at a mandatory life sentence for a murderer that was a juvenile violates the Eighth Amendment, and it's cruel and unusual and They looked at all these factors, but their main factor for saying that that penalty was cruel and unusual It wasn't that they were chopping people's heads off on the block or doing things that we believe are arcane it was the fact that they did not consider the rehabilitative potential of juveniles or young offenders and Here when you look at the analysis that was done in Miller v, Alabama in other cases We don't have such a serious offense where there's bodily harm. We have a potential for harm There's no physical contact with any individual the frequency which which the state cited to indicates that Speeding occupies a large common acceptance amongst the populace in, Illinois And so we can't have and allow this plague of Overcriminalization you really think the conscience is shocked by not allowing supervision for somebody going a hundred miles an hour down the freeway my conscience isn't shocked I Have to know specifically how that shocks the conscience Well, it's not and with all due respect your honor, it's not so much your conscience that has to be shocked It's the general conscience of the public and when we look at and that's the other issue when we look at What is the general conscience or morals? Yeah, I agree I do agree, but we have to look at with the moral moral Tendencies of the public or what their idea is and it's presumed that when the General Assembly Passes a law that indicates the moral sense of the community and as you can see and that's one of the main basis for Affirming this judgment is the General Assembly already did affirm it by passing and amending the bill before before we get there I mean that that's that's a pretty complex argument to make let's be real real clear here. You're talking about speeding This is about speeding over 40 miles per hour over the limit Right so this is more than just going you know 71 or 72 this is correct. This is that the specific statute. We're looking at is 40 Though it applies across the board 26 miles and up it doesn't start at 40 They've started at 40 and they crept it down to a level where sooner or later if the court doesn't put a plug on it For five miles over we're all going to be criminals. We're talking about the statute in front of us right now, right? So the question is and I think it's an important one that you were engaging with How do we decide this public Sensibility about this the public's conscience when in fact the public's Elected officials have decided that this kind of excessive speed not just a little bit over the limit a great deal of the limit that this is the kind of Conduct that needs to be treated in a specific kind of way they made a decision across the street How do we go behind that and say that the public in general would be shocked? Well that is done by analyzing the actual offense and analyzing various other factors such as again the seriousness of the offense Whether the legislator took in tune see when they pass this bill They're bound by our constitutional restraints and to determine whether they've exceeded those restraints We've set forth the test that has factors and those factors again We're the seriousness of the offense the type of harm the frequency the culpability of the defendant the criminal history of the defendant the rehabilitation The comparison of the penalty to other offenses and in Miller v Alabama they even said that a law of sanction a procedural sanction that doesn't take into account a person's age is Procedurally violative and so we look at these tests, but it's on a case-by-case basis What's what's most important to answer that question your honor? I think it's been answered before The most important and I think the most proper answer is is that the courts? Have never This court specifically has never defined What kind of punishment constitutes cruel degrading or so wholly disproportionate to the offense is to shock the moral sense of the community This is because as our society evolves so do our concepts of elemental decency and fairness which shape the moral sense of the community So again, there really is no test We just have to look at all the factors and decide is this something that society deems? proper or improper and is this something that shocks our conscience and Sure, that's what's gonna explain how we make that analysis going 40 miles That's the specific statute that was held a constitution is 40 miles per hour over the speed line How do we what tools do we use to determine that the public would say that is shocking well first we look at? We can look at multiple tools and as I've said the courts look at the seriousness of the offense So when we examine that we see that here there was no actual harm to any victim There's only the potential for harm which is no different than the harm of running a red light Which is no different than all of it It's traffic safety if you run a red light at 30 miles per an hour you can kill someone just as fast as you're speeding At 75 miles per an hour, and you stop at the red light You have to address the nature of the harm you have to look at the frequency of the harm you have to look at whether There was actual injury you have to look at the culpability of the defendant Is it fair to punish somebody who goes 27 miles over the same way with a mandatory criminal conviction? So somebody who speeds 60 miles over is it fair to punish a 16 year old who's just beginning his life And is not in and based on the way the statutes are drafted for traffic offenses is subject to adult prosecution Is it fair to do this to the parents of these children and in sometimes is a criminal conviction necessary is it necessary? To prevent it from happening again, and it was Well in general it's not as applied I'm just going through the factors of how we determine that it isn't as applied analysis. How how would your client ever win? Well, you're saying looking at somebody who you know a minor looking at this looking at that versus looking at somebody going 40 miles over the limit well in the apply as applied argument that the problem with that is Even if the judge wanted to look at it Whether it was whether she the judge can entertain super not it couldn't because its hands were tied so the as applied argument is not necessarily Is there it's the constitutional ban on its face that we're requiring everybody to be treated, but to indicate that there are some scenarios in which It wouldn't be constitutional Says on the other side of that coin is that there in some instances it would be constitutional It wouldn't be unconstitutional on its face it would have to be as applied It seemed to be the argument that you were making and if that's the argument it has to be as applied to your Client right that would be that that Yes Though when we go into the details of the age of the client or the offender in those specific instances that boils on to the as Applied, but when you make a blanket prohibition That's the on its face test, and that's what was discussed in Miller v. Alabama. That's what was discussed What did the court do here was it as applied and what I'm not concerned about what the legislature did they made a determination Across the board no Court supervision, what did the court do here find this? unconstitutional as applied or Facially both it found it to be as the facts for the as applied The facts were presented one in the uniform traffic citation that the court had But the facts were presented in the criminal history or the traffic history of the defendant that was presented on the motion to reconsider Came after the finding of unconstitutionality right, but it was still considered and could have and it was still considered and then again Affirmed so the court did consider it there were hearings and the court heard it, and it still didn't change the court's mind You had and what was his driving record? I believe he had supervisions for traffic. I Many I think he had a few from before and for what charge not this charge No, no, no speeding but not excessive speeding Are there instances you can think of in which? It would be constitutional as to certain offenders I Think then I would assuming that supervision was allowed and you can decide that question It I'm assuming somebody saying as it is now where supervision would not be allowed well, then you couldn't make that decision Because in order for you wouldn't necessarily be able to make that clear decision But I think that on its own. I maybe I'm not making myself clear the prohibition against supervision are there offenders for which that would be appropriate I Assume there there may be I'm I mean how could it be facially unconstitutional? Well because it's a violation of due process There's there's other reasons why it wasn't just the finding based on the shocking of the conscience It was also for due process and in a case this court's considered. I think it was a Linden case the General Assembly passed the law saying that if you your license shall be suspended if you're convicted of a plethora of offenses none of these offenses having anything to do with motor vehicles and the court there specifically said that that The methods there to advance the interests were unreasonable and arbitrary and The reason why I say that is because the inclusion of speeding and no others is the same thing there they included offenses that have no relation to motor vehicles and There's no reason itself That we can phantom or the General Assembly can present under any rational basis test or a higher level test as to why? DUI and reckless driving was it included in the statute that prohibits supervision So if you in even if the benefit if the goal is to prevent roadside safety Wouldn't the proper saying should be a suspension of the driver's license not just a conviction where the person can drive out and when you look At all these things that's the problem is that I want to ask you a couple of questions. I've changed the subject a little bit The trial court specifically found that there's no proportional penalties violation on the identical elements Correct and you're not arguing that no I am at this point as a Polly I believe I had the right to argue to protect the judgment and anything within the record and so we argued it that an individual speeding at that rate as I just said is Could be considered and most reasonably prudent people probably would consider that an individual speeding at that speed would otherwise Be Operating a motor vehicle with a disregard for the safety of the public and so a jury can technically find that conduct to constitute Clarify this for me at one point the court says clearly there is no violation of either due process clause or equal protection designating the excessive speeding as a misdemeanor and then later in the rule 18 findings it says The constitutional provisions upon which the finding is based include due process of law Equal protection of the law was that argued. I believe it was your honor and Proportionate penalties clause based upon cruel and unusual or cruel integrating So really the limitation or that the finding here was based upon proportional penalties There wasn't there was some cross discussion of due process in connection with proportionate penalties, but You said there was a due process violation Where is that that would be within there's two types of due process cases like if people be Morris This an individual changed their registration tag on their vehicle, and it was charged the class to felony there was argued that because it was his own it violated due process because it didn't meet that prong of Advancing Reasonably and non-arbitrarily the state's legitimate Objective and so that's where it came in for due process on this one There was independent ones and my time is up, but there is just one thing. I was trying to tell the court I think the most important thing to look at and again the basis for affirming this judgment is the fact that the General Assembly Agreed with the court and actually changed the judgment and the General Assembly's change can be used to discern What was the intent of the law, but what's most important so your time is expired if there's one matter If it's all right counsel your time your time is Your honor's Very briefly as seen through the defense argument This case boils down to a disagreement about the seriousness of the offense and in particular The seriousness as compared to other offenses in the code unrelated offenses. This is For all intents and purposes across comparison analysis. It's what the court did below. It's what the defense counsel is doing now It's been rejected repudiated. It's not a basis for a legitimate constitutional attack The proportionate penalties clauses shocks the conscience prong deals with the actual penalty here when we take a look at the legislative debates We see that the legislature Expressly wanted to deter speeding because speeding kills Excessive speeding kills when we took it take a look at the numbers that no doubt the legislature had access to Speeding fatalities outpace even DUI fatalities so their rational reason for the legislature to deny supervision and classify this offense as a misdemeanor is Unchallengeable based on the way the circuit court did it and based on the way the defense does it There's been some discussion about the Eighth Amendment about how this is mandatory again that sort of found its way into the court's order as well But but that's only because the defense and the court's focus is just on this notion of a conviction There's clearly a penalty range here and that penalty range is where the court exercises its discretion within the confines of a class a or class B misdemeanor range itself So there's nothing mandatory draconian or shocking about the misdemeanor penalty here As far as The court's concerns below about collateral consequences and defense counsel also brought it up We pointed out in our briefs that the legislature has also created independently a statute that allows for the sealing of convictions While this offense can't be expunged the conviction can be sealed within a period as early as two years and That means that once a conviction is sealed it no longer has to be disclosed to employers or on loan applications, etc Ultimately your honors when these challenges are reviewed within the correct constitutional calculus each of them whether it's identical elements or Proportionate penalties or due process this offense passes constitutional muster there is no other offense that contains the same elements the legislature's decision was eminently rational and reasonable both insofar as creation of the offense and creation of its penalty and The penalty of a class a misdemeanor or class B misdemeanor without the option of supervision does not shock the conscience for these reasons Counsel about the General Assembly Change supporting his argument all right the the change in the General Assembly is not about the Legislature's original intent there is no question that the legislature has always intended to prohibit supervision they still do in fact the newly amended statute allows for the disposition of supervision only in very limited cases in cases That number one are only first-time offenders and number two That are not in an urban district the way that the legislature has defined urban district is fairly broad. I believe it It's defined as roadways where Homes and businesses are within a hundred feet contiguous to the roadway that Actually applies to a large number of roads in Illinois the other thing that the legislature did is it continues to prohibit? Supervision for excessive speeding offenses if those offenses occur in school and construction zones So what this illustrates is the legislature's continued adherence to recognition that excessive speeding is not just serious but it is so prevalent because it's not just the damage and Injury it is the hallmark of a serious crime the crime can be designated serious by the legislature Simply by virtue of its prevalence, and I think defense counsel inadvertently recognized this when he told this court that Speeding is kind of commonly accepted in Illinois Well, I think the legislature's point in creating this statute and penalizing it the way It did was it no longer wants at least excessive speeding to be that commonly not only accepted, but commonly committed For these reasons your honor and those expressed in our brief We would ask this court to reverse the circuit its judgment below. Thank you Thank you case number one one eight five nine nine people with the state of Illinois versus Vincent Rizzo Will be taken under advisement as agenda number two Miss Collins and Mr.. Rasevich. Thank you for your arguments this morning You're excused at this time